Ruffin, C. J.
 

 The cause cannot: be entertained, we think, in its present state, but must be remanded. Until the act of 184S, ch. 30, no suit could be brought to this Court upon a plea or. demurrer, unless by appeal; and, if the decree were interlocutory, the cause, .under the act of
 
 *356
 
 1831, ch.
 
 34,
 
 was not removed, but only the particular point-involved in th'e appeal, and on that this Court cer- : tiffed an opinion to the Court on the circuit.
 
 Littlejohn
 
 v.
 
 Williams,
 
 2 Dev. Eq. 380. The act of 1848, however, allows the. removal of causes, before a decree, upon a plea or demurrer, when set down for argument: with the view, no doubt, to avoid incurring unnecessarily a set of costs in each Court, and also, chiefly, to avoid delay in the decision of a point of law, which may
 
 in limine
 
 determine the litigation. When those purposes can be answered by it, the provision will operate beneficially enough. But it cannot be supposed the Legislature intended to apply it in any case in which it would not have those effects, but others directly opposite. Such would be the consequence of entertaining this case. It would produce delay, without diminishing the expense. The act does not, like that of 1831, authorise the plea or demurrer to be brought here, and in the mean while the cause to go on in the Court below, but “the cause is to be removed into the Supreme Court.” The Court of Equity can do nothing more in the case, because it is taken from it entirely. INeither can this Court take the' steps necessary to prepare- the cause for hearing upon the bill and answers ; for, certainly, the act was not intended to r'epe.af. the important provision of the act-of 1818,. which withholds from this Court jurisdiction of suits in' equity at issue, until they shall have been prepared to be heard here by being set down in the Court below. ■ That would, in effect, indirectly confer'on us original chancery jurisdiction, contrary, unquestionably, to the legislative intention. It is plain, therefore, when answers or pleas afjs put in by some defendants and replications are takenf that'the .removal.of the cause into this Court for the argument of. the: plea -or. demurrer.of another defendant, instead'.of speddingi-the'.cause or ...saving, costs,. would
 
 prpy,
 
 duce the opposite result. For, before the judgment on
 
 *357
 
 the plea or demurrer nothing whatever could be done any where, as between the other parties; and after the judgment and the costs incurred in obtaining it, the cause would have to be remanded for further proceedings in the Court of Equity, beginning, as between the other parties, at the very point which they had reached, when the cause was taken from that Court, a year previously perhaps, or more. The act ought not to be construed, so as thus to arrest all possibility of progress in the cause, as between those who put it at issue on the facts, and to whom it may be of the utmost consequence to preserve their proofs by taking them immediately ; and it seems apparent, that the case within the mischief, and, we.conjecture, in the mind of the writer of the act, was that, in which the decision upon the sufficiency of the plea or demurrer would determine the whole cause; as, where there is but one defendant, or, if more, they all plead or demur, and the pleas and demurrers are all set down for argument. In such cases as those only can the good ends be answered, which the act was designed to effect. . But, in cases situated like the present, “the removal” to this Court cannot fail to produce delay and in most cases also increase the costs ; and therefore it is not within the purview of the act. The cause must be remanded.
 

 Per Curiam.
 

 Ordered accordingly.